UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| **FLETA SABRA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 23-5069 |
| | ) | |
| **U.S. CUSTOMS AND BORDER PROTECTION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## APPELLANT'S STATEMENT OF ISSUES TO BE RAISED

Appellant raises the following issues on appeal:

1. The Freedom of Information Act ("FOIA") requires an agency to prove "beyond material doubt" that it conducted an adequate search reasonably calculated to find responsive records. Appellee only searched the emails of five CBP officers. Appellant independently discovered a responsive email from a civil rights officer to the deputy CBP commander discussing investigations into Appellee's assault by CBP officers. Appellee did not search the emails of the deputy CBP commander or follow similarly obvious leads. In granting Appellee summary judgment, did the District Court err in deciding that CBP conducted an adequate search despite its failing to search the email of the deputy CBP commander or follow up on similar obvious leads?

2. An adequate electronic keyword FOIA search requires using keywords reasonably calculated to find responsive records. Appellee's keyword search of CBP employee emails included superfluous terms like "Syrian" and "Syria" did not include essential terms such as: (1) Appellant's correct name; (2) the case number for CBP's investigation of the assault on Appellant; (3) the case number for the Office of the Inspector General's investigation of

1

the assault on Appellant. In granting Appellee summary judgment, did the District Court err in deciding that CBP conducted an adequate keyword search despite omitting essential keywords?

3. FOIA requires an agency's expedited processing decision within ten days, its full response to a FOIA record request in thirty days, and that it then make the records "promptly available" to the requester. Appellant filed her FOIA record and expedited processing requests in 2017. Only after the filing of the instant case in 2020 did Appellee respond to Appellant's requests or begin producing records. Did the District Court err by failing to grant Appellant judgement as a matter of law based on Appellee's three-year failure to timely take these required FOIA actions?

Submitted this 3rd day of May 2023.

/s/ Andrew Fels
Andrew Fels, Esq. TN BPR #036005
3214 Fountain Park Blvd.
Knoxville, TN 37917
865-567-4881
andrewchristianfels@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

/s/ Andrew Fels
Andrew Fels, Esq. TN BPR #036005
3214 Fountain Park Blvd.
Knoxville, TN 37917
865-567-4881
andrewchristianfels@gmail.com